***********
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission adopts with minor modifications the Opinion and Award of the Deputy Commissioner.
 ***********
Based upon all the competent evidence adduced at the hearing before the Deputy Commissioner, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of his injury on 13 April 1999, plaintiff was an employee of John D. Ashe d/b/a Dave's Tree Service. Defendant-employer Dave's Tree Service is a business wholly owned and operated by defendant John David Ashe of Midland, North Carolina. Defendant-employer allegedly had prior workers' compensation insurance through Nationwide Insurance Company. Because of financial problems, defendant Ashe dropped the workers' compensation insurance. Defendant-employer advertised in the yellow pages as being fully licensed and insured.
2. John David Ashe did not appear at the 7 February 2000 hearing before the Deputy Commissioner on plaintiff's workers' compensation claim, despite having proper written and oral notice of the date, time and location of the hearing.
3. Plaintiff was hired by defendant Ashe to work as a foreman of a tree crew for defendant-employer approximately six months prior to the time of his injury.
4. At the time defendant Ashe hired plaintiff, defendant Ashe indicated he would withhold taxes in his check. However, defendant Ashe did not withhold taxes. Each time a check was delivered to plaintiff, defendant Ashe indicated that withholding taxes would be taken out at the next paycheck. Plaintiff was paid by the hour rather than by the job on a contractual basis.
5. At the time plaintiff was hired by defendant-employer, plaintiff was given rules and regulations which stated that each employee was to meet certain expectations relating to the employment for defendant-employer. These rules and regulations referred explicitly to employees. According to the rules and regulations, employees were required to take a 30 minute break for lunch every day, unexcused absences were penalized by a cut in pay, and employees were not to leave the job site without talking to defendant Ashe. Use and maintenance of tools supplied by defendant-employer and specific duties for truck drivers were outlined, and employees were instructed that whenever an individual walked onto a job seeking an estimate, they were to give the individual a card for defendant-employer and not quote prices. Employees were further instructed that using any of the equipment provided by defendant Ashe for his tree service on other jobs would result in their dismissal from employment.
6. Plaintiff supervised a crew of three other men who were employed by defendant Ashe. Defendant Ashe obtained the jobs for his crew, sent the crew to the job site, and instructed the crew as to what they were to do on that job site.
7. Calvin Bell contracted with defendant Ashe to remove trees at his home. On 13 April 1999, plaintiff was using a chainsaw to cut a log at the home of Calvin Bell. The chainsaw kicked back and the blade went between his first and second fingers of his left hand lacerating both fingers and causing nerve damage to his index finger. Plaintiff was taken to Carolinas Medical Center.
8. On 7 July 1999, plaintiff had surgery in which a nerve was transplanted from his left foot into his injured finger. As a result of the nerve transplant, plaintiff retains a permanent numbness in his left foot. The nerve transplant was not successful in restoring the feeling in the index finger of plaintiff's left hand. Plaintiff retains a lack of feeling, soreness and other problems in both the index finger of his left hand and his left foot.
9. Plaintiff spoke with defendant Ashe by telephone from the hospital on the day of the accident and informed defendant Ashe of his injury. Defendant Ashe assured plaintiff that he had workers' compensation insurance and asked to speak to plaintiff's physician. Plaintiff had no further communication with defendant Ashe prior to the time of the penalty hearing before the Deputy Commissioner on 13 March 2000.
10. There is insufficient evidence to support defendant's affirmative defense of intoxication. Plaintiff denied using any intoxicating substance before or while working on 13 April 1999 and he denied being asked by defendant-employer to take a drug test. Plaintiff's testimony is accepted as credible. There is no competent evidence to refute plaintiff's denials and no evidence that his injury was proximately caused by the use of an intoxicant.
11. Defendant-employer has refused to pay for plaintiff's medical treatment provided by Carolinas Medical Center relating to the injury by accident on 13 April 1999, and plaintiff is currently being held responsible for those bills.
12. Plaintiff was out of work from 13 April 1999 until 20 August 1999, at which time he returned to work for Asplundh Tree Experts earning $2.50 less per hour ($100.00 less per week) than his pre-injury wages.
13. Plaintiff was an employee of defendant-employer and not an independent contractor.
14. Plaintiff's average weekly wage was $600.00 per week yielding a compensation rate of $400.02.
15. This case is within the jurisdiction of the North Carolina Industrial Commission.
16. Plaintiff sustained an injury by accident on 13 April 1999.
17. Defendant Ashe regularly employed three or more employees beginning in 1993 and continuing at the time of plaintiff's injury by accident on 13 April 1999, but failed to have the necessary workers' compensation insurance in effect at that time. Defendant Ashe testified that has had no workers' compensation insurance from 1 January 1993 to the present with the exception of a period of one year "four or five years" before the date of the hearing before the Deputy Commissioner.
18. Defendant Ashe has obtained workers' compensation insurance through the McNair/Baughman Insurance Services.
 ***********
Based upon the foregoing findings of fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. This case is within the jurisdiction of the North Carolina Industrial Commission. N.C. Gen. Stat. § 97-2.
2. In order to claim workers' compensation benefits, the claimant "must be, in fact and in law, an employee of the party from whom compensation is claimed." Youngblood v. North State Ford Truck Sales,321 N.C. 380, 383, 364 S.E.2d 433, 437 (1988).
3. An independent contractor is one who contracts to perform a task pursuant to an independent employment and according to his own judgment and method. Hayes v. Elon College, 224 N.C. 11, 29 S.E.2d 137 (1944). Conversely, an employer-employee relationship exists when the employer retains control over the manner in which the details of the work are executed as opposed to merely requiring certain definite results under the contract. Id.
4. Factors which are considered indicative of the existence of an employment relationship include: (1) method of payment, (2) furnishing of equipment, and (3) direct evidence of the exercise of control.Youngblood, 321 N.C at 384-85, 364 S.E.2d at 437-38.
5. In this case, plaintiff was paid by the hour, instructed on the time, place and manner of the work to be done, was furnished tools by defendant-employer, and subject to the rules and regulations of defendant-employer. Accordingly, plaintiff was an employee of defendant-employer and not an independent contractor.
6. Defendant John David Ashe d/b/a Dave's Tree Service has regularly employed three employees since 1993 and was required by statute to provide workers' compensation insurance for his employees. N.C. Gen. Stat. § 97-2.
7. On 13 April 1999, plaintiff sustained an injury by accident to the fingers of his left hand. During surgery to repair the damage to plaintiff's left hand, he suffered an injury to his left foot. N.C. Gen. Stat. § 97-2(6).
8. As a result of his compensable injury by accident on 13 April 1999, plaintiff is entitled to compensation at a rate of $400.20 from 13 April 1999 through 20 August 1999, when he returned to work. N.C. Gen. Stat. § 97-29.
9. Plaintiff is entitled to temporary partial disability compensation for the difference between his pre-injury wages and those he earned after 20 August 1999. Said compensation shall begin on 20 August 1999 and shall continue for a period of 300 weeks from 13 April 1999. N.C. Gen. Stat. § 97-30.
10. Defendant John David Ashe shall pay a fine of $50.00 per day from 1 January 1993 until 10 March 2000, the date upon which he obtained workers' compensation insurance for his business. A period of one year shall be excluded from this assessment of a fine. N.C. Gen. Stat. §97-94.
11. Defendant John David Ashe shall pay all medical expenses relating to plaintiff's injury by accident to the fingers of his left hand and the related injury to his left foot. N.C. Gen. Stat. § 97-25.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. For his total disability, plaintiff is entitled to total disability compensation at the rate of $400.02 per week from 13 April 1999 through 20 August 1999, a period of 18 4/7 weeks. Defendant John David Ashe shall pay the amount of $7,428.93 in a lump sum subject to an attorney's fee approved in Paragraph 4.
2. Plaintiff is entitled to temporary partial disability compensation at the rate of 2/3 of the difference between his pre-injury wages of $600.00 per week and the $500.00 per week that he has been able to earn since 20 August 1999. This yields a weekly compensation rate of $66.67. Said compensation shall begin on 20 August 1999 and shall continue for a period of up to 300 weeks from 13 April 1999. The amount which has accrued through 20 December 2001 is $8,105.16. Defendant John David Ashe shall pay the amounts which have accrued in a lump sum subject to an attorney's fee approved in Paragraph 4.
3. Defendant John David Ashe shall pay all medical expenses resulting from plaintiff's compensable injury by accident on 13 April 1999.
4. A reasonable attorney's fee of 25% of the compensation due plaintiff under Paragraphs 1 and 2 of this AWARD is approved for plaintiff's counsel and shall be deducted and paid as follows: twenty-five percent of the lump sum due plaintiff under Paragraphs 1 and 2 of this AWARD shall be deducted from that sum and paid directly to plaintiff's counsel. In regards to future compensation, plaintiff's counsel shall receive every fourth check.
5. Defendant John David Ashe shall pay a penalty of $50.00 a day from 1 January 1993 until 10 March 2000, the date upon which he obtained workers' compensation insurance for his business. A period of one year shall be excluded from this assessment of a fine. Defendant did not appeal from the penalty entered by the Deputy Commissioner. Defendant John David Ashe shall pay to the Industrial Commission $112,900.00 as a penalty for his refusal or neglect to carry workers' compensation insurance. The Commission may remit all or part of this civil penalty upon proof that defendant John David Ashe has paid plaintiff all compensation due under this Opinion and Award.
6. Defendant shall pay the costs.
This the ___ day of December, 2001.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_______________ LAURA K. MAVRETIC COMMISSIONER
 S/______________ RENE C. RIGGSBEE COMMISSIONER